IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLIENT FUNDING SOLUTIONS CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DEBBIE CRIM a/k/a DEBBIE CRIM CLARK, ) | |
| ) | |
| Defendant and Third-Party Plaintiff, ) | Case No. 10-cv-0482 |
| ) | |
| v. ) | Judge Robert M. Dow, Jr. |
| ) | |
| THE VRDOLYAK LAW GROUP, LLC and ) | |
| W&M TRADING CORP. ) | |
| ) | |
| Third-Party Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Third Party Defendant The Vrdolyak Law Group, LLC's ("VLG") motion to remand [42] this case to the Circuit Court of Cook County. For the reasons stated below, VLG's motion is respectfully denied.

**I.   Background**

This case arises out of a series of loans that Third-Party Plaintiff Debbie Crim obtained from Client Funding Solutions Corp. ("CFS"). CFS filed suit against Crim in the Circuit Court of Cook County seeking to recover $413,838.99 plus interest allegedly owed to CFS under the terms of the loans. On December 29, 2009, CFS obtained an order from the Cook County Circuit Court attaching the proceeds of a personal injury lawsuit that Crim had settled in late 2009. The settlements funds at issue were in the possession of VLG, the law firm that had represented Crim in her personal injury suit.

Crim removed the case to this Court on diversity grounds on January 25, 2010. On that same date, Crim filed a third party complaint [6] against VLG. In the third party complaint, Crim alleged that VLG had represented her in the personal injury lawsuit and had helped her obtain the loans from CFS during the course of that representation. Crim further alleged that she settled her personal injury lawsuit in late 2009 for $2,400,000, and that VLG refused to distribute any of the settlement proceeds to her. Crim's allegations also charge VLG with erroneously informing CFS that Crim planned to abscond with the settlement funds without repaying her debt to CFS and contend that VLG's false statement provided the basis for the state court's attachment order.

Crim and CFS subsequently reached a settlement agreement. On March 1, 2010, pursuant to a Rule 41 Stipulation for Dismissal [39], all claims between Crim and CFS were dismissed with prejudice. Therefore, the only remaining claims are those brought by Crim in her third party complaint. VLG contends that remand is proper because Crim's separate claims against VLG (for conversion and an accounting) do not satisfy the statutory amount in controversy of $75,000.

**II.    Analysis**

It is well established that the requirements for diversity jurisdiction, including the amount in controversy requirement, must be satisfied only at the time that a suit is filed. *Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997). "[I]f the amount in controversy exceeds the jurisdictional amount when a suit is filed in federal court, the fact that subsequent events reduce the total amount in controversy will not divest the court of diversity jurisdiction." *Id*. Here, there is no dispute that the original parties to the lawsuit are of diverse citizenship. In addition, the allegations of the original complaint plainly satisfied the amount in controversy, for

the original Plaintiff (CFS) sought more than $400,000 from Crim. As a result, Crim properly removed the case to federal court.

After removing the case to federal court, Crim brought VLG into this case as a third-party defendant pursuant to Federal Rule of Civil Procedure 14. Rule 14 is merely a procedural provision. 3-14 MOORE'S FEDERAL PRACTICE - Civil § 14.03 (2010). Thus, as is true with any claim, a third party claim must be supported by federal subject matter jurisdiction. *Id.* A third party claim either may be supported by an independent basis of subject matter jurisdiction such as federal question jurisdiction or diversity of citizenship jurisdiction – or, where the claim is brought by the *defendant*, by supplemental jurisdiction under 28 U.S.C. § 1367(a). See *id.*; 3-14 MOORE'S FEDERAL PRACTICE - Civil § 14.41 (2010); *Touhy & Touhy, Ltd. v. Langeland*, 2009 WL 249405, at *2-*3 (N.D. Ill. Feb. 2, 2009) (courts have supplemental jurisdiction over third-party claims asserted by a defendant under § 1367(a), but § 1367(b) precludes courts from exercising supplemental jurisdiction over third-party claims asserted by a plaintiff).

Crim's third party complaint invokes diversity jurisdiction. VLG contends that Crim's third party claims do not exceed the requisite amount for diversity jurisdiction, and that the Court therefore lacks subject matter jurisdiction over those claims. However, as explained below, VLG's motion to remand misapprehends the applicable jurisdictional rules and must be denied.

To begin with, in her third party complaint, Crim alleged that VLG had converted nearly $2 million in settlement proceeds belonging to Crim. In addition, Crim sought an accounting as to $800,000 in attorneys' fees and more than $112,000 in costs and expenses. The sums at issue in Crim's conversion and accounting claims thus exceeded $75,000 on their face, not including punitive damages, which may be considered in determining the amount in controversy. See, *e.g.*, *Sharp Elec. Corp. v. Copy Plus, Inc.*, 939 F.2d 513, 515 (7th Cir. 1991); *In re Estate of Tally*,

3

376 Ill. App. 3d 1082, 1094 (3d Dist. 2007); 15 MOORE'S FEDERAL PRACTICE § 102.106[4], at 102-176 – 102-178 (3d ed. 2006). Because the amount in controversy was satisfied at the time that the third party claims were added, and the Third Party Plaintiff and Third Party Defendant are of diverse citizenship, the Court had original jurisdiction over the third party claims under 28 U.S.C. § 1332. Once again, "if the amount in controversy exceeds the jurisdictional amount when a suit is filed in federal court, the fact that subsequent events reduce the total amount in controversy will not divest the court of diversity jurisdiction." *Grinnell Mut. Reinsurance Co.*, 121 F.3d at 1116. Therefore, the fact that on January 29, 2010, the Court entered an agreed order [20] ordering VLG to deposit $550,000 of the settlement funds with the Clerk of the Court for the Northern District of Illinois as security for any potential recovery by CFS, and to transfer the $816,514.24 balance of the settlement funds to Crim and her attorneys does alter the analysis. And to the extent that VLG's briefs suggest valid defenses on the merits, such defenses cannot defeat jurisdiction unless they show to a "legal certainty" that Crim cannot satisfy the amount in controversy. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Freeman v. Sports Car Club of America, Inc.*, 51 F.3d 1358, 1362 (7th Cir. 1995). The asserted defenses do not meet that very high requirement.

Moreover, even if original jurisdiction over the third party claims was lacking when they were initiated, the Court would have supplemental jurisdiction over those claims. See 28 U.S.C. § 1367; *Kemper/Prime Indus. Partners v. Montgomery Watson Americas, Inc.*, 487 F.3d 1061, 1063 (7th Cir. 2007) ("a defendant's impleader under Fed. R. Civ. P. 14 of a party that is not diverse from the plaintiff does not destroy jurisdiction"). As noted above, the Court's January 29, 2010 order [20] directing VLG to deposit a portion of the settlement funds with the Clerk of the Court and to transfer the remaining funds to Crim had no impact on the Court's jurisdiction.

See *Grinnell Mut. Reinsurance Co.*, 121 F.3d at 1116. Nor does the CFS-Crim settlement affect the analysis, for a court's supplemental jurisdiction over a third party claim is not defeated by the early disposition of the original action. See 6 Wright, Miller & Kane, FED. PRAC. & PROC. Civil § 1444 (2d ed. 2010) (noting that "most courts have held that jurisdiction over a third-party claim is not lost" if "the original action is settled or disposed of in some other fashion before the third-party claim is adjudicated").

### III. Conclusion

For all of the foregoing reasons, VLG's motion to remand [42] is respectfully denied and VLG is directed to file its responsive pleading on or before 5/13/10. In addition, the parties are directed to meet and confer and to submit by 5/20/10 a joint status report addressing, among other things, a discovery plan and whether they wish to explore the possibility of an early settlement of this dispute. This case is set for status on 5/25/10 at 9:00 a.m.

Dated: May 6, 2010                       _____
                                                       Robert M. Dow, Jr.
                                                       United States District Judge